UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HAMPTON,<br><br>    Plaintiff,<br><br>    v.<br><br>TIM VIRGA, et al.,<br><br>    Defendants. | No. 2:13-cv-00923 JAM DAD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I. Application to Proceed in Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.  Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. In his complaint plaintiff alleges that he has suffered retaliation for filing an inmate grievance about his lost property, that proper procedures were not followed when his property was placed in storage, and that he was denied access to his property for two months while he was in administrative segregation. However, in his complaint plaintiff has not made any allegations concerning the conduct of named defendants Virga, Lozano, Queszada, and Stieferman. Moreover, the only allegation of the complaint concerning named defendant Agnone is that he signed a property sheet indicating that none of plaintiff's property was confiscated. (ECF No. 1 at 24.) In short, the allegations of plaintiff's complaint fail to state a cognizable claim of retaliation in violation of plaintiff's constitutional rights.

Accordingly, the court will dismiss the complaint and grant plaintiff leave to file an amended complaint. Below, the court will also provide plaintiff with the legal standards governing claims of unconstitutional retaliation and denial of access to the courts.

**III. Retaliation Claim**

It is well-established that prison inmates have a constitutional right to freedom from retaliation for engaging in activity protected by the First Amendment, including pursuing "'civil rights litigation in the courts.'" Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir.2005) (quoting Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir.1995)). A claim of unconstitutional retaliation brought by a prisoner has five elements. First, plaintiff must allege and show that he was engaged in conduct protected by the First Amendment. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir.2012). Second, a "plaintiff must claim that the defendant took adverse action against the plaintiff." Id. (citing Rhodes, 408 F.3d at 567). "The adverse action need not be an independent constitutional violation." Id. (citing Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995)). Third, plaintiff must allege and demonstrate a causal connection between the protected conduct and the adverse action. Id. Fourth, the plaintiff must allege and prove either a chilling effect on the exercise of First Amendment rights or some other harm. Id. Finally, the plaintiff must allege

/////

show that the retaliatory action "'did not advance legitimate goals of the correctional institution.'" Id. (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985)).

In any amended complaint he elects to file, plaintiff must set forth additional allegations addressing each of these five elements of a retaliation claim. In particular, plaintiff must allege some link between his filing of the inmate grievance and the adverse action taken against him by each named defendant. In addition, plaintiff must allege facts addressing how each named defendant's action failed to advance any legitimate correctional goal.

**IV. Access to the Courts**

The Ninth Circuit Court of Appeals has recognized two types of access to court claims: "those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference." Silva v. DeVittorio, 658 F.3d 1090, 1102 (9th Cir. 2011). As to a prisoner's right to affirmative assistance, prison officials are required to assist prisoners "in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)). As to a prisoner's right to litigate without active interference, states are forbidden "from 'erect[ing] barriers that impede the right of access of incarcerated persons" to file civil actions that have a "reasonable basis in law or fact." Id. at 1102 (quoting Snyder v. Nolen, 380 F.3d 279, 290 (7th Cir. 2004) & John L. v. Adams, 969 F.2d 228, 235 (6th Cir. 1992)). A prisoner attempting to assert that his right to access the courts has been denied must set forth allegations identifying the anticipated or lost underlying cause of action as well an "'actual injury' – 'that is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Lewis v. Casey, 518 U.S. 343, 348 (1996). See also Christopher v. Harbury, 536 U.S. 403, 415-16 (2002).

Therefore, in any amended complaint he elects to file, plaintiff must allege facts clarify whether he is asserting a violation of his right to affirmative assistance or of interference with his right to access the courts. Plaintiff must also allege the case name and court docket number of his court case that he is alleging was dismissed or lost as a result of the actions of the defendants and /////

4

must allege facts explaining what action each defendant engaged in that resulted in the dismissal or adverse decision in that court case.

**V. Loss of Property**

Plaintiff is also advised that the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts suggesting that the alleged deprivation of his access to his property was authorized. In fact, in his complaint plaintiff alleges that prison officials failed to comply with proper procedures and failed to obtain plaintiff's signature on his property card. (ECF No. 1 at 4.) The California Legislature has provided a remedy for tort claims against public officials in California Government Code, §§ 900, et seq. Therefore, in any amended complaint he elects to file, plaintiff is cautioned against including a claim challenging his alleged loss of access to his personal property without support in the law for such a claim.

**VI. Amended Complaint**

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

        Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VII. Conclusion

        For the reasons set forth above, IT IS HEREBY ORDERED that:

        1. Plaintiff's May 10, 2013 request for leave to proceed in forma pauperis (ECF No. 2) is granted.

        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

        3. Plaintiff's complaint is dismissed;

        4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must answer each question in the form complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

/////

/////

/////

     5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a section 1983 action.

Dated: March 19, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hamp923.14