1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES HAMPTON,                               No.  13-cv-00923 JAM DAD P

12                   Plaintiff,

13          v.                                    ORDER

14   TIM VIRGA, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed

18   pursuant to 42 U.S.C. § 1983.  By order filed March 21, 2014, plaintiff's complaint was

19   dismissed with leave to file an amended complaint.  Plaintiff has since filed a first amended

20   complaint.  (FAC, ECF No. 10.)

21          The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

26   U.S.C. § 1915A(b)(1) & (2).

27          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

                                            1

1   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

7   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

10  However, in order to survive dismissal for failure to state a claim a complaint must contain more

11  than "a formulaic recitation of the elements of a cause of action"; it must contain factual

12  allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  In

13  reviewing a complaint under this standard, the court must accept as true the allegations of the

14  complaint.  See Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976).  The court must

15  also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the

16  plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17          In the FAC, plaintiff identifies former California State Prison-Sacramento Warden Tim

18  Virga and Correctional Officer A. Agnone as defendants in this action.  (ECF No. 10 at 1, 2.)

19  However, plaintiff's FAC contains no allegations describing any acts or omissions of defendant

20  Warden Virga.

21          Plaintiff alleges as follows in his FAC.  At all pertinent times, plaintiff was incarcerated at

22  California State Prison-Sacramento ("CSP-SAC").  There, plaintiff "was known as a jailhouse

23  lawyer . . . ."  (ECF No. 10 at 3.)   Plaintiff suffers from a mobility impairment, a fact that is

24  known to defendant Agnone.  (Id. at 4.)  At an unspecified point in time, defendant Agnone wrote

25  a rules violation report, citing plaintiff for "not standing during count."  (Id.)  It appears, though

26  plaintiff does not explicitly allege, that plaintiff was unable to stand on the occasion in question

27  due to his mobility impairment.  (Id.)  Plaintiff then filed an administrative grievance alleging

28  disability discrimination by defendant Agnone for writing the rules violation report.  (Id.)  At the

1    time a response to the grievance was returned, defendant Agnone removed property, including

2    legal materials, from plaintiff's cell "until due process was up."[1]  (Id.)  When challenged,

3    defendant Agnone returned a television to plaintiff's cell, but not the legal materials that had been

4    seized therefrom.  (Id.)

5           At another, presumably later, point in time, when plaintiff's cell-block at CSP-SAC was

6    on lockdown, defendant Agnone deprived plaintiff of all of his law books.  (ECF No. 10 at 4.)

7    Due to the lockdown, plaintiff was also unable to access the law library.  (Id.)  Plaintiff contends

8    that, by depriving him of necessary legal materials, defendant Agnone thereby ensured that he

9    (Agnone) would not be held liable for discriminating against plaintiff.  (Id.)

10          According to plaintiff, defendant Agnone performed all of these actions in order to deny

11   plaintiff access to the courts.  (ECF No. 10 at 4.)

12          As currently pled, plaintiff's FAC fails to state a claim for relief.  It appears that plaintiff

13   may be attempting to allege that defendant Agnone retaliated against him for filing inmate

14   grievances.  The following standards apply to such a claim.  It is well-established that prison

15   inmates have a constitutional right to freedom from retaliation for engaging in activity protected

16   by the First Amendment.  Rhodes v. Robinson, 408 F.3d 559 (9th Cir. 2005).  A retaliation claim

17   brought by an inmate has five elements.  First, the plaintiff must allege and demonstrate that he

18   was engaged in conduct protected by the First Amendment.  See Watison v. Carter, 668 F.3d

19   1108, 1114 (9th Cir. 2012).  Second, a "plaintiff must claim that the defendant took adverse

20   action against the plaintiff."  Id. (citing Rhodes, 408 F.3d at 567).  "The adverse action need not

21   be an independent constitutional violation."  Id. (citing Pratt v. Rowland, 65 F.3d 802, 806 (9th

22   Cir. 1995)).  Third, plaintiff must allege and prove a causal connection between the protected

23   conduct and the adverse action.  Id.  Fourth, the plaintiff must allege and prove either a chilling

24   effect on the exercise of First Amendment rights or some other harm.  Id.  Finally, plaintiff must

25   allege and show that the retaliatory action "'did not advance legitimate goals of the correctional

26   institution . . . .'"  Id. (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

27   _____

28   [1] The court is uncertain what plaintiff means in using this phrase.

1    In his FAC, plaintiff has satisfactorily alleged four of these five elements.  First, plaintiff

2  has alleged that, by filing an inmate grievance against defendant Agnone, plaintiff engaged in

3  conduct protected under the First Amendment.  Plaintiff has also alleged that defendant Agnone

4  took adverse action against him, by removing legal materials and other property from his cell.

5  While plaintiff could have more explicitly pled a causal connection between these actions, the

6  allegation that defendant Agnone removed plaintiff's property after plaintiff received a response

7  to his inmate grievance against defendant Agnone is sufficient to satisfy this element for pleading

8  purposes.  Finally, plaintiff has alleged that his legal materials were removed in order to deny him

9  access to the courts, i.e., an illegitimate correctional goal.  However, plaintiff has failed to allege

10 in sufficient detail the harm that allegedly resulted from defendant Agnone's adverse action

11 against him.  Statements such as "my property couldn't be found until due process was up" and

12 "C/O Agnone granted his self (sic) immunity" lack sufficient factual content to provide notice of

13 how the alleged removal of plaintiff's legal property impaired plaintiff's ability to proceed on his

14 inmate grievances.  Nonetheless, plaintiff will be granted an opportunity to remedy this

15 deficiency in a second amended complaint if he wishes to pursue this action.

16    It also appears that plaintiff is attempting to bring a claim against defendant Agnone for

17 interference with plaintiff's right of access to the courts, based on the removal of plaintiff's legal

18 materials.  The right of access to the courts "forbids states from 'erect[ing] barriers that impede

19 the right of access of incarcerated persons'" to file civil actions that have a "'reasonable basis in

20 law or fact.'"  Silva v. DeVittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) (quoting Snyder v. Nolen,

21 380 F.3d 279, 290 (7th Cir. 2004) and John L. v. Adams, 969 F.2d 228, 235 (6th Cir. 1992)).  A

22 prisoner asserting any denial of access to the courts claim must allege the anticipated or lost

23 underlying cause of action as well an "'actual injury,' – that is 'actual prejudice with respect to

24 contemplated or existing litigation, such as the inability to meet a filing deadline or to present a

25 claim.'"  Lewis v. Casey, 518 U.S. 343, 348 (1996).  See also Christopher v. Harbury, 536 U.S.

26 403, 415 (2002); Nevada Dept. of Corrs. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011).  If

27 plaintiff chooses to proceed with this claim in a second amended complaint, he must provide

28 /////

4

1   therein factual allegations that, if proven, would demonstrate that he suffered an actual injury

2   under the standard set forth above.

3       Although the Federal Rules adopt a flexible pleading policy, under Federal Rule of Civil

4   Procedure 8(a)(2),  a complaint must give fair notice to the defendants and must allege facts that

5   support the elements of the claim plainly and succinctly.  <u>Jones v. Cmty. Redev. Agency</u>, 733

6   F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity

7   overt acts which defendants engaged in that support his claims.  <u>Id.</u>  Because plaintiff has failed to

8   comply with the requirements of Rule 8(a)(2), his first amended complaint must be dismissed.  In

9   the interests of justice, the court will grant plaintiff leave to file a second amended complaint.

10       If plaintiff chooses to file a second amended complaint, plaintiff must allege facts

11   demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal

12   constitutional or statutory rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Any second

13   amended complaint plaintiff may elect to file must allege in specific terms how each named

14   defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42

15   U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions

16   and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d

17   164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

18   conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v.</u>

19   <u>Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

20       Plaintiff is also reminded that the court cannot refer to prior pleadings in order to make his

21   second amended complaint complete.  Local Rule 220 requires that an amended complaint be

22   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

23   amended complaint supersedes prior complaints.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir.

24   1967).  Once plaintiff files a second amended complaint, the prior complaints no longer serve any

25   function in the case.  Therefore, in any amended complaint, as in an original complaint, each

26   claim and the involvement of each defendant must be sufficiently alleged.

27   /////

28   /////

5

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 10) is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

Dated:  September 25, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
hamp0923.14am.dad

6