UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HAMPTON,<br><br>        Plaintiff,<br><br>    v.<br><br>TIM VIRGA et al.,<br><br>        Defendants. | No. 2:13-cv-0923 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on March 21, 2014. (ECF No. 7). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff filed his second amended complaint on October 26, 2015. (ECF No. 13). Defendant Agnone was served on November 11, 2017. (See ECF No. 18). On January 26, 2018, defendant Agnone filed a motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) along with a supporting request for judicial notice. (ECF Nos. 21 et seq., 22). Specifically, he contends that while incarcerated, plaintiff has brought at least three actions that were dismissed as frivolous, or malicious, or for failure to state a claim, and that as a result, plaintiff is barred from proceeding in forma pauperis under the statute. (See ECF No. 21-1 at 4-5; see also ECF No. 22 at 2). Plaintiff has not opposed the motion. Nevertheless, for the reasons

stated herein, the court will grant the judicial notice request and deny the motion to revoke plaintiff's in forma pauperis status.

I. RELEVANT LAW

A. 28 U.S.C. § 1915(g): Three Strikes Rule

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added).

B. Judicial Notice

"A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). A court may take judicial notice of its own records in other cases. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

C. Transfer of Case

Generally speaking, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 815-16 (1988) (citation omitted). Moreover, "when an action is

transferred, it remains what it was; all further proceedings in it are merely referred to another tribunal, leaving untouched what has been already done." Danner v. Himmelfarb, 858 F.2d 515, 521 (9th Cir. 1988) (brackets omitted) (quoting Magnetic Eng'g & Mfg. Co. v. Dings Mfg. Co., 178 F.2d 866, 868 (2nd Cir. 1950)).

      D. Failure to Exhaust Resulting in Failure to State a Claim

The failure to exhaust is an affirmative defense, and a failure to exhaust being clear on the face of a complaint is rare. See Albino v. Baca, 747 F.3d 1162, 1166, 1169 (9th Cir. 2014). If a court needs to review documents in addition to the complaint in order to establish failure to exhaust, a dismissal of that case does not constitute a strike. See, e.g., El-Shaddai v. Zamora, 833 F.3d 1036, 1044 (9th Cir. 2016). If, however, failure to exhaust is clear on the face of a pleading, it may be considered a failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). See Albino, 747 F.3d at 1169 ("[I]n those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim."); see generally El-Shaddai, 833 F.3d at 1044 ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face."). Dismissals under Rule 12(b)(6) for failure to state a claim may constitute a strike within the meaning of the PLRA. Washington v. Los Angeles County Sheriff's Dep't, 833 F.3d 1048, 1055 (9th Cir. 2016) (citing Knapp, 738 F.3d at 1109).

II.     DISMISSAL HISTORY OF ALLEGED "STRIKE" CASES

In support of the motion to revoke plaintiff's in forma pauperis status, defendant Agnone identifies the following three cases plaintiff has filed in the past that he contends were dismissed in such a way that they constitute "strikes" under Section 1915(g). They are: (1) Hampton v. Harrison, No. 2:06-cv-5418 (C.D. Cal. Sep. 14, 2006) ("Harrison"); (2) Hampton v. Ayers, No. 2:07-cv-1268 (C.D. Cal. Aug. 14, 2007) ("Ayers"), and (3) Hampton v. Schwarzenegger, No. 2:09-cv-3432 (C.D. Cal. May 22, 2009) ("Schwarzenegger").[1]

---

[1] Because the court has reviewed and will reference documents from these cases that are not included in defendant Agnone's request for judicial notice pleading, the court will cite directly to the documents in the dockets of these cases instead of to the copies in defendant Agnone's request for judicial notice.

3

### A. Hampton v. Harrison, No. 2:06-cv-5418 (C.D. Cal. Sep. 14, 2006)

In Harrison, both the reasoning and the language behind its dismissal were clear. The court denied plaintiff's request to proceed in forma pauperis on the ground that plaintiff had failed to state a claim upon which relief could be granted. (See Harrison, ECF No. 2).

### B. Hampton v. Ayers, No. 2:07-cv-1268 (C.D. Cal. Aug. 14, 2007)

In Ayers, when dismissing the case, the court first found plaintiff's complaint had no cognizable claims. (See Ayers, ECF Nos. 12, 17). At that time, the court gave plaintiff the opportunity to amend his complaint. (See Ayers, ECF No. 12). Plaintiff, however, failed to amend, and as a result, the court dismissed the case for failure to prosecute. (See Ayers, ECF Nos. 17, 19, 20) (citing to Fed. R. Civ. P. 41(b)).

### C. Hampton v. Schwarzenegger, No. 2:09-cv-3432 (C.D. Cal. May 22, 2009)

In Schwarzenegger, plaintiff's initial pleading in the Northern District, filed May 4, 2009, was simply a motion for a preliminary injunction, nothing more. (See Schwarzenegger, ECF No. 1). It was not accompanied by a complaint. (See Schwarzenegger, ECF No. 1). As a result, at the time it was filed, plaintiff was instructed by the Northern District to file a complaint as well as an in forma pauperis application within thirty days. (See Schwarzenegger, ECF No. 2, 3).

Shortly thereafter, on May 11, 2009, the case was ordered transferred to the Central District, and plaintiff's preliminary injunction motion was lodged in that district. (See Schwarzenegger, ECF Nos. 4-6 et seq.). On May 22, 2009, in a form order, the Central District adopted its magistrate judge's recommendation that plaintiff's request to file the action without prepayment of the full filing fee be denied in part because "no complaint [had] been filed" and because "plaintiff [had] not exhausted his administrative remedies."[2] (See Schwarzenegger, ECF No. 7) (brackets added).

////

////

---

[2] The court also listed: (1) an inadequate showing of indigency; (2) plaintiff's failure to authorize disbursements from his prison trust account to pay the filing fee, and (3) plaintiff's failure to provide a certified copy of the trust fund statement for the last six months as additional reasons for denying plaintiff's in forma pauperis request. (See Schwarzenegger, ECF No. 7).

III. ANALYSIS

Pursuant to Federal Rule of Evidence 201(b), the court takes judicial notice of the documents filed in support of defendant Agnone's motion to revoke plaintiff's in forma pauperis status. (See ECF No. 22). The court, sua sponte, also takes judicial notice of all documents on the docket in Harrison, Avery, and Schwarzenegger that are not included in defendant Agnone's judicial notice request. Therefore, documents therein that are relevant to address defendant Agnone's motion to revoke will be considered in the court's analysis.

A review of these cases indicate that the reasons that Harrison and Ayers were dismissed clearly meet the "frivolous," "malicious," or "failure to state a claim" standards listed in Section 1915(g). However, the reasons that Schwarzenegger was dismissed do not clearly fall within these parameters. This fact leads the court to recommend denial of the instant motion.

A. Harrison Is a Strike Under Section 1915(g)

With respect to Harrison, plaintiff was denied in forma pauperis status based on his failure to state a claim upon which relief could be granted. (See Harrison, ECF No. 2). The Ninth Circuit has stated that such a finding may constitute a strike for purposes of Section 1915(g). See O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (stating denial of in forma pauperis status on the grounds that plaintiff has failed to state a claim counts as a strike for purposes of Section 1915(g)). Therefore, defendant Agnone's assertion that the Harrison dismissal constitutes a strike (see ECF No. 21-1 at 4-5) is correct.

B. Ayers Is a Strike Under Section 1915(g)

In Ayers, even though its final dispositive order cited a failure to prosecute as the reason for the dismissal of plaintiff's case (see Ayers, ECF Nos. 17, 19, 20), such a dismissal may also be considered a strike for Section 1915(g) purposes, given that it "[rings] the [Prison Litigation Reform Act's] bells of frivolous, malicious, or failure to state a claim." Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) (brackets added) (citation omitted). In other words, the Ayers court's ultimate dismissal for failure to prosecute does not negate its underlying, initial finding that plaintiff's complaint had no cognizable claims or rather, failed to state a claim (see generally Ayers, ECF No. 12). See Harris, 863 F.3d at 1142 (stating style or procedural posture of dismissal

5

is immaterial when determining whether dismissal counts as strike); see generally Knapp, 738 F.3d at 1110 (stating complaint dismissed for failure to amend after initially being dismissed as incomprehensible draws inference plaintiff could not state a claim). Therefore, the dismissal in Ayers also falls within the parameters of Section 1915(g) and counts as a strike.

### C. Schwarzenegger Is Not a Strike Under Section 1915(g)

As for Schwarzenegger, the court finds that the dismissal is not a strike. First, the reasons behind the Central District's denial of in forma pauperis status which also served as a dismissal of plaintiff's case are convoluted. On one hand, the court stated the dismissal was because plaintiff had not filed a complaint.[3] (See Schwarzenegger, ECF No. 7). On the other hand, the Central District then hypothetically characterized plaintiff's preliminary injunction motion as a complaint in order to support a denial of plaintiff's in forma pauperis status. (See Schwarzenegger, ECF No. 7). Specifically, the court ultimately found that "on its face," the "complaint" showed that plaintiff "[had] not exhausted his administrative remedies, given his apparent failure to seek relief at the second and third levels of the administrative process." (See Schwarzenegger, ECF No. 7) (brackets added).

Second, although an affirmative defense like failure to exhaust may be interpreted as a failure to state a claim, see Albino, 747 F.3d at 1169; see generally El-Shaddai, 833 F.3d at 1044, and a dismissal for failure to state a claim may properly be deemed a strike under Section 1915(g)

---

[3] With respect to this finding, it should be noted that on May 4, 2009, the same day plaintiff filed in federal court, the Northern District granted plaintiff thirty days to perfect the preliminary injunction action via the filing of a complaint. (See Schwarzenegger, ECF Nos. 2, 3). However, upon transfer of the case, the Central District did not abide by this ruling. Instead, within eleven days of receiving plaintiff's case, the court denied plaintiff's in forma pauperis status and closed the matter. (See Schwarzenegger, ECF Nos. 4-7) (transferring case on May 13, 2009 and dismissing case on May 22, 2009). This decision does not align with the court's traditional leanings towards comity, namely, to defer to a prior court's decisions and orders. See generally Christianson, 486 U.S. at 815-16; see also Danner, 858 F.2d at 521.

This court does not opine as to whether the Central District's decision not to follow through with the Northern District's order was a correct one. This fact is only mentioned to further demonstrate the lack of clarity behind the Central District's decision to dismiss plaintiff's action. Therefore, these findings should not be used to discount or call into question the final outcome in Schwarzenegger.

(see generally Washington, 833 F.3d at 1055), a review of plaintiff's preliminary injunction motion and the rest of the Schwarzenegger docket does not provide a clear indication that plaintiff failed to exhaust his administrative remedies. On the contrary, as shown below it indicates that this finding of fact by the Central District is unsupported by the record.

In the motion, plaintiff does state that prison officials "[had] refused to log grievances or complaints against fellow officers." (See Schwarzenegger, ECF No. 1 at 2) (brackets added). However, this is all plaintiff states that is even remotely close to the issue of whether plaintiff had completed the administrative exhaustion process. Nothing else in the motion addresses whether plaintiff had exhausted (see generally Schwarzenegger, ECF No. 1), and defendant Agnone points to no other documents on the docket that do so, either (see generally ECF No. 21 et seq.).[4] Thus, the Central District's finding that plaintiff had failed to exhaust (see Schwarzenegger, ECF No. 7) is unsupported by the record. As such, its subsequent dismissal of the case cannot be considered a strike pursuant to Section 1915(g).

In sum, plaintiff's preliminary injunction motion does not show on its face that plaintiff had failed to exhaust his administrative remedies which would allow for dismissal for failure to state a claim under El-Shaddai and Albino. For these reasons, the court declines to consider the Central District's dismissal of Schwarzenegger a strike under Section 1915(g). Therefore, defendant Agnone's argument that plaintiff is a three-strikes litigant pursuant to Section 1915(g) and that as a result, plaintiff's in forma pauperis status should be revoked because he failed to allege that he was in imminent danger of serious physical harm at the time he filed his initial complaint, fails. Consequently, it shall be recommended that: (1) Harrison and Ayers be declared strikes; (2) Schwarzenegger be declared not a strike, and (3) the motion to revoke plaintiff's in forma pauperis status be denied.

Accordingly, IT IS HEREBY ORDERED that defendant Agnone's request for judicial notice (ECF No. 22) is GRANTED.

---

[4] Indeed, it appears that the court may have mistakenly taken another inmate's sworn affidavit that was attached to plaintiff's motion as plaintiff's own declaration. (See Schwarzenegger, ECF No. 1 at 5) (affidavit by inmate Calvin Newborn stating prison officials had failed to process a grievance of his at the second level of appeal).

7

IT IS FURTHER RECOMMENDED that:

1. <u>Hampton v. Harrison</u>, No. 2:06-cv-5418 (C.D. Cal. Sep. 14, 2006) and <u>Hampton v. Ayers</u>, No. 2:07-cv-1268 (C.D. Cal. Aug. 14, 2007) be declared strikes under 28 U.S.C. § 1915(g);

2. <u>Hampton v. Schwarzenegger</u>, No. 2:09-cv-3432 (C.D. Cal. May 22, 2009) be declared <u>not</u> a strike under 28 U.S.C. § 1915(g), and

3. Defendant Agnone's motion to revoke plaintiff's in forma pauperis status (ECF No. 21) pursuant to 28 U.S.C. § 1915(g) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 15, 2018

*[signature]*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/hamp0923.1915g.ifp