UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES HAMPTON,

    Plaintiff,

v.

TIM VIRGA, et al.,

    Defendants.

No. 2:13-cv-0923 JAM DB P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state inmate proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant retaliated against him and interfered with his access to the courts. Presently before the court is defendant's fully briefed motion for summary judgment. For the reasons set forth below the court will recommend that defendant's motion be granted.

## BACKGROUND

**I.    Relevant Procedural History**

Plaintiff initiated this action with the filing of the original complaint on April 26, 2013.[1] (ECF No. 1.) The previously assigned magistrate judge screened and dismissed the original

---

[1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010).

1

complaint for failure to state a claim. (ECF No. 7.) Plaintiff filed a first amended complaint (ECF No. 10), that was also dismissed for failure to state a claim. (ECF No. 12.) Thereafter, plaintiff filed a second amended complaint (SAC). (ECF No. 13.)

By order dated September 20, 2017, the undersigned determined that plaintiff's second amended complaint stated a cognizable claim against defendant Agnone. (ECF No. 16.) The court also found that plaintiff failed to state a claim against defendant Virga because the SAC did not contain any factual allegations against Virga. Plaintiff was given the option to proceed with his claims against Agnone or to amend the complaint. (ECF No. 16 at 3.) Plaintiff opted to proceed only on his claims against Agnone. (ECF No. 17.)

Following a brief discovery period, defendant moved for summary judgment. (ECF No. 29.) Plaintiff filed a response (ECF No. 32) and defendant filed a reply (ECF No. 33).

**II.     Allegations in the Operative Complaint**

As stated above, this action proceeds on the SAC. The allegations in the SAC are as follows: Defendant (Agnone) issued a rules violation report (RVR) because plaintiff failed to stand for count. (ECF No. 13 at 3.) Plaintiff states he is exempt from the standing requirement because he uses a cane. Plaintiff claims he received the RVR in retaliation for a grievance plaintiff wrote against Warden Virga. (Id. at 1.)

Plaintiff told defendant he would commit suicide. (Id. at 1-2.) A nurse claimed plaintiff threatened her while he was under supervision. (Id. at 2.) Plaintiff claims defendant was standing there and knew the nurse's claim was false. Plaintiff further states that he was sent to a hospital for three weeks and thereafter was housed in administrative segregation. Plaintiff claims he returned to his cell to find his television and some law books were missing. He states that as a result he suffered a mental breakdown and his case against Warden Virga was dismissed.

Plaintiff also claims that Agnone did not "allow plaintiff to sign a property slip to acknowledge his property was there." (Id. at 2.) He alleges that because he was classified as suicidal and homicidal, a nurse could not approach without an officer. He states "this was done to harm" him and deprive him of necessities such as toothpaste, deodorant, and lotion.

////

2

**MOTION FOR SUMMARY JUDGMENT**

Defendant argues that he is entitled to summary judgment because plaintiff failed to exhaust administrative remedies. (ECF No. 29-2.) Defendant alleges that the only relevant grievance plaintiff filed was rejected at the third level of review and was not resubmitted.

**I.    Legal Standards – Summary Judgment under Rule 56**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

////

If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248.

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (per curiam) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record is taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

On a motion for summary judgment, it is inappropriate for the court to weigh evidence or resolve competing inferences. "In ruling on a motion for summary judgment, the court must leave '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts' to the jury." Foster v. Metropolitan Life Ins. Co., 243 Fed.Appx. 208, 210 (9th Cir. 2007) (quoting Anderson, 477 U.S. at 255).

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would

entitle him to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment rather than a motion to dismiss. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for non-exhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with the defendant, however. Id. If material facts are disputed, summary judgment should be denied, and the "judge rather than a jury should determine the facts" on the exhaustion question, id. at 1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," id. at 1170-71.

**II.     Legal Standards – Exhaustion**

    **A.  Prison Litigation Reform Act**

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Regardless of the relief sought, a prisoner must pursue an appeal through all levels of a prison's grievance process as long as some remedy remains available. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the

////

grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731, 736 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 136 S. Ct. 1850, 1858 (2016) (brackets in original). In discussing availability in Ross the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'" Id. at 1856. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 1857.

"[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007). It is the defendant's burden "to prove that there was an available administrative remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

A prisoner is required to exhaust administrative remedies before filing suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curium). Section 1997e(a) mandates that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted. 42 U.S.C. § 1997e(a). "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained." Booth, 532 U.S. at 738. "Exhaustion subsequent to the filing of suit will not suffice." McKinney, 311 F.3d at 1199.

////

**B. California Regulations Governing Exhaustion of Administrative Remedies**

"The California prison system's requirements 'define the boundaries of proper exhaustion.'" Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 90 (2006). California regulations allow a prisoner to "appeal" any action or inaction by prison staff that has "a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The appeal process is initiated by the inmate's filing a "Form 602" the "Inmate/Parolee Appeal Form," "to describe the specific issue under appeal and the relief requested." Id. § 3084.2(a).

"The California prison grievance system has three levels of review: an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

**III. Material Undisputed Facts**

Defendant filed a Statement of Undisputed Facts ("DSUF") as required by Local Rule 260(a). (ECF No. 29-3.) Plaintiff's filing in opposition to defendant's motion for summary judgment fails to comply with Local Rule 260(b). Rule 260(b) requires that a party opposing a motion for summary judgment "shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial."

The court is mindful of the Ninth Circuit's instruction that district courts are to "construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). Accordingly, the court considers the record before it in its entirety despite plaintiff's failure to be in strict compliance with the applicable rules. However, only those assertions in the opposition which have evidentiary support in the record will be considered.

1 | Plaintiff's opposition consists of two pages in which he states that the referenced grievance was screened out, defendant's exhibits are incomplete, and directs the court to review his original complaint with the attached grievance. (ECF No. 32.) Plaintiff also filed a response to defendant's reply. (ECF No. 34.) The court construes this filing as a sur-reply, which is not authorized by the Local Rules. See Local Rule 230(l). However, in light of plaintiff's pro se status and lack of any objection from defendant, the court has reviewed this filing, as well as the other documents in the record to discern whether plaintiff denies any material fact asserted in the DSUF.

The material undisputed facts related to the issue of exhaustion are as follows: At all relevant times plaintiff was housed at California State Prison, Sacramento which has an inmate grievance process. (DSUF (ECF No. 29-3) ¶ 1, 5.) The events giving rise to the claim occurred on or around July 24, 2012. (Id. at ¶ 3.)

Between June 2012, approximately one month before the events giving rise to the claim, and May 2013, when the complaint was filed on the docket, plaintiff pursued three separate grievances. (Id. at ¶ 6.) Plaintiff, along with a number of other inmates, submitted grievance number SAC-12-01642 ("1642"), on June 10, 2012. Grievance 1642 challenged inmate access to the prison canteen. This grievance was denied at the third level of review on October 8, 2012. (Id. at ¶ 7.)

Plaintiff submitted grievance number SAC-12-01836 ("1836") on June 14, 2012. In grievance 1836, plaintiff alleged there was a racial animus to the denial of access to food through canteen. This grievance was denied at the third level of review on January 2, 2013. (Id. at ¶ 8.)

Plaintiff submitted grievance number SAC-12-02819 ("2819") on September 12, 2012. In grievance 2819 plaintiff complained about the alleged misplacement of his property. He also stated that defendant signed the inventory sheet following the confiscation of plaintiff's property on July 24, 2012. This grievance was rejected at the third level and was not resubmitted. (Id. at ¶ 9.)

////
////

## IV. Analysis

### A. Grievance Nos. 1642 and 1836

In order to fully exhaust administrative remedies an appeal must put prison officials on notice of the claim. Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) ("A grievance suffices to exhaust a claim if it puts the prison official on adequate notice of the problem for which the prisoner seeks redress."). A prisoner puts officials on notice when he provides the detail required by the prison's regulation. Id. (citing Jones, 549 U.S. at 218). California prison regulations require only that an inmate describe the problem and state the relief requested. Cal. Code Regs. tit. 15, § 3084.2(a).

Plaintiff has not argued that grievance 1642 or 1836 satisfy the exhaustion requirement. However, grievances 1642 and 1836 were filed around the time the events giving rise to the claim occurred. Grievance 1642 relates to issues regarding access to the prison canteen and grievance 1836 contains allegations that appeal 1642 was denied based on racial bias. (ECF No. 29-5 Exhibit B, C.) Thus, they are unrelated to plaintiff's underlying claims in this action. Grievances 1642 and 1836 do not satisfy the exhaustion requirement because they fail to put defendant on notice of plaintiff's claim. See Griffin v. Arpaio, 557 F.3d 1117, 1121 (holding inmate's grievance requesting a ladder to access an upper bunk did not alert prison officials of his claim that prison staff had disregarded his lower bunk assignment).

### B. Grievance No. 2819

Defendant argues, and plaintiff has not disputed, that the only grievance filed by plaintiff that relates to the claims in this action is grievance number 2819. (ECF No. 29-2 at 5.) In grievance number 2819 plaintiff sought replacement of property he alleged was missing and requested that staff be admonished. (ECF No. 29-5 at 90-97.) Defendant has put forth evidence showing that grievance number 2819 was rejected at the third level and plaintiff did not resubmit the grievance to receive a third level decision. (DSUF (ECF No. 29-3) ¶ 9.)

The court finds that defendant has established his burden of showing that there was an available administrative remedy and that plaintiff failed to exhaust that remedy. Therefore, the burden shifts to plaintiff to present evidence showing that he did exhaust the available remedies

for his claim, or that there is something about his particular case that makes the existing and generally available administrative remedies effectively unavailable to him. In his opposition, plaintiff argues that he did file a grievance regarding the facts underlying his claim (ECF No. 32) and that the appeal was "closed." (ECF No. 34.)

It is clear that the appeal 2819 was rejected, or screened out, at the third level of review because plaintiff failed to attach necessary documents. (ECF No. 1 at 7.) In order to exhaust, an inmate is required to obtain a decision at each level of review. Reyes, 810 F.3d at 657 (citing Cal. Code Regs. tit. 15, § 3084.1(b); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)). Because plaintiff's appeal was rejected, and he did not resubmit it, he did not receive a decision at the third level. Accordingly, plaintiff did not fully exhaust appeal 2819.

### C. Rejected Grievances

The Ninth Circuit has recognized an exception to the exhaustion requirement when a prisoner's attempts to exhaust his administrative remedies are "thwarted by improper screening." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010). To meet this exception, the prisoner must show (1) that he actually filed a grievance which would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance for reasons inconsistent with or unsupported by applicable regulations. See id. at 823-24.

In his opposition, plaintiff claims a grievance he filed against defendant that was "screened out or cancelled." (ECF No. 32 at 1.) Plaintiff also argues that two of the exhibits attached to defendant's motion were incomplete. (Id.) He further states that "defendants deliberately tried to deceive the court because exhibit E and F are incomplete because screen outs are attached to grievances." (ECF No. 32 at 1-2.) Exhibits E and F contain the first level rejections, or screen outs, for grievance number 2057 (Exhibit E) and grievance number 2716 (Exhibit F). (ECF No. 29-5 at 121, 123.) It does not matter that the grievances were not attached to defendants' exhibits because these grievances were rejected at the first level and plaintiff did not resubmit them. Thus, they were not pursued through all three levels of review and cannot satisfy the exhaustion requirement. To the extent plaintiff argues these grievances were

////

improperly rejected, evidence in the record shows that they were rejected because they failed to comply with regulations.

An exhibit attached to plaintiff's original complaint (ECF No. 1 at 7), shows that grievance 2819 was rejected at the third level because it was lacking supporting documents required by prison regulations. The appeal cites Cal. Code Regs. tit. 15, § 3084.6(b)(7) and 3084.3 and states grievance number 2819 was rejected because plaintiff failed to attach his property card and property purchase receipts to his third level appeal. The regulations state that an appeal may be rejected if the inmate fails to attach necessary supporting documents. Cal. Code Regs. tit. 15, § 3084.6 (b)(7). "Supporting documents means documents that are needed to substantiate allegations made in the appeal including, but not limited to ". . . property inventory sheets, property receipts . . . ." Cal. Code Regs. tit. 15, § 3084(h). Thus, grievance 2819 was not improperly rejected.

Grievance 2057 was rejected because plaintiff failed to fill out a required section on the grievance form. (ECF No. 29-5 at 121.) Grievance 2716 was rejected because plaintiff failed to submit a CDCR form 22 before filing the grievance as required by § 3084.6(c)(3). (ECF No. 29-5 at 123.) The rejections advised plaintiff of how to cure the defects upon resubmission. (See ECF No. 29-5 at 121, 123.)

The evidence shows that all three grievances were rejected for failure to comply with applicable regulations, rather than due to improper screening. Accordingly, plaintiff has not shown that he is excepted from the exhaustion requirement based on the rejected grievances.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 29) be granted because plaintiff failed to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

11

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 22, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/hamp0923.msj.frs